Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com
Pro Se Litigant

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **Jun Dam,**<br>        Plaintiff,<br><br>v.<br><br>**Mark D. Waldron,**<br>**Chapter 7 Trustee;**<br><br>**Pamela M. Egan,**<br>**Attorney to Ch. 7 Trustee;**<br><br>**Potomac Law Group, PLLC;**<br><br>**Giga Watt Bankruptcy Estate,**<br><br>        Defendants. | Case No. 2:24-cv-00417-SAB<br><br>**MOTION TO CONFIRM JURISDICTION AND STAY BANKRUPTCY PROCEEDINGS** |

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT:**

**INTRODUCTION**

Plaintiff Jun Dam respectfully moves this Court to confirm its jurisdiction over the instant matter and to stay all related bankruptcy proceedings in **In re Giga Watt**

**Complaint for Unjust Enrichment, Constructive Trust, and Fraud on the Court – Page 1**

**Inc., Case No. 18-03197-FPC7** currently pending before the United States Bankruptcy Court for the Eastern District of Washington. In support of this Motion, Plaintiff states as follows:

**I. INTRODUCTION**

1. Plaintiff filed this action in the U.S. District Court challenging the improper diversion of $3 million in settlement funds by the Chapter 7 Trustee of Giga Watt Inc.

2. The **Bankruptcy Court has never made a determination under 11 U.S.C. § 541** as to whether the disputed $3 million settlement funds are property of the bankruptcy estate.

3. Under **28 U.S.C. § 1334(b),** this Court has **concurrent jurisdiction** over matters related to bankruptcy, including property disputes involving third-party claims.

4. The **first-filed rule** establishes that jurisdiction belongs in this Court, as Plaintiff initiated claims here first, before any ruling by the Bankruptcy Court.

5. Plaintiff respectfully requests that this Court **confirm jurisdiction over the disputed settlement funds** and **stay all bankruptcy proceedings involving these funds** until ownership is determined.

## II. FACTUAL BACKGROUND

6. The Trustee and Perkins Coie LLP entered into a **settlement agreement resolving certain claims** involving prematurely released escrow funds. On **October 5, 2023**, the Bankruptcy Court entered an **Order Approving Settlement** (Dkt. 1031 in Case No**.** 18-03197-FPC7 - Exhibit A).

7. However, **settlement approval under Rule 9019 does not determine ownership of funds under § 541**.

8. There is no order in the bankruptcy docket explicitly finding that the **$3 million settlement is property of the estate**.

9. Plaintiff has filed **state-law claims for unjust enrichment, fraud on the court, and constructive trust**, which are properly before this Court under its original and supplemental jurisdiction.

## III. LEGAL BASIS FOR CONFIRMING JURISDICTION

### A. The U.S. District Court Has Jurisdiction Under 28 U.S.C. § 1334(b)

11. 28 U.S.C. § 1334(b) grants this Court concurrent jurisdiction over all civil proceedings related to a bankruptcy case.

12. The **first-filed rule** applies, as Plaintiff initiated this action in the U.S. **District Court before the Bankruptcy Court ruled on ownership**.

13. The Supreme Court in *Stern v. Marshall*, **564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011)** held that **state-law claims that do not arise under the Bankruptcy Code must be decided by an Article III court**.

14. Plaintiff's claims for **unjust enrichment, constructive trust, and fraud on the court** are **state-law claims not derived from bankruptcy law** and are **properly before this Court**.

**B. The Bankruptcy Court Lacks Authority to Rule on Ownership Without a § 541 Determination**

15. **The Bankruptcy Court has not yet determined whether the $3 million settlement is estate property under § 541.**

16. **Without a § 541 ruling, the Bankruptcy Court lacks authority to distribute or claim jurisdiction over these funds**.

17. *Ahcom, Ltd. v. Smeding*, **623 F.3d 1248 (9th Cir. 2010)** holds that bankruptcy estates cannot claim standing over third-party claims without a clear **§ 541 property determination**.

18. Plaintiff's claims exist **independent of the bankruptcy estate**, meaning they belong in the U.S. **District Court**.

19. The U.S. Supreme Court decision in *Harris v. Viegelahn*, **575 U.S. 510, 135 S. Ct. 1829, 191 L. Ed. 2d 783, 83 U.S.L.W. 4293 (2015)** supports Plaintiff's argument that post-conversion funds not already part of the bankruptcy estate at the time of conversion do not automatically become estate property. As in *Harris*, the **settlement funds at issue here were obtained after conversion from Chapter 11 to Chapter 7** and must be analyzed under § 541 before they can be treated as estate property.

**C. The Bankruptcy Court Proceedings Should Be Stayed to Prevent Irreparable Harm**

19. If the **Bankruptcy Court improperly asserts jurisdiction**, Plaintiff and other token holders risk losing their rightful claim to the $3 million.

20. A stay is necessary to **prevent premature distribution of funds** before a final ownership determination is made.

21. Courts routinely **stay bankruptcy proceedings when related litigation is pending in the U.S. District Court** to avoid conflicting rulings and protect due process rights.

**IV. ADDITIONAL CONSTITUTIONAL & FRAUD CLAIMS SUPPORTING DISTRICT COURT JURISDICTION**

22. **The Automatic Stay Was Misapplied**

- The escrow funds were never part of the bankruptcy estate.
- The Trustee fraudulently misrepresented the estate's interest, violating due process.
- Under *Ahcom, Ltd. v. Smeding*, bankruptcy estates cannot claim standing over third-party claims without a valid § 541 determination.

23. **Fraud on the Court Invalidates the Trustee's Position**

    - The Trustee and Perkins Coie misrepresented material facts to the Bankruptcy Court.
    - Under *Hazel-Atlas Co. v. Hartford Co.*, 322 U.S. 238, 64 S. Ct. 997 (1944), fraud on the court invalidates prior rulings and allows District Court intervention.

24. **Constructive Trust Should Be Imposed on the $3 Million**

    - A constructive trust is warranted because the estate wrongfully allocated the funds.
    - Under *Harris Tr. & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 120 S. Ct. 2180 (2000), improperly obtained assets should be returned to their rightful owners.

**Complaint for Unjust Enrichment, Constructive Trust, and Fraud on the Court – Page 6**

# V. CONSTITUTIONAL CHALLENGE TO BANKRUPTCY COURT JURISDICTION

25. Plaintiff challenges the application of **11 U.S.C. § 362(d) on constitutional grounds**, arguing that:

- It **violates due process by blocking Plaintiff's access to an independent judiciary** under *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).
- It **forces a non-consenting plaintiff into a non-Article III tribunal** in violation of *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).
- It **conflicts with 28 U.S.C. § 157(a), which makes referral to Bankruptcy Court discretionary, not mandatory**.

26. **Under *Wellness*, a litigant may withdraw consent to bankruptcy court jurisdiction at any time**. Since Plaintiff has explicitly withdrawn consent, only an **Article III judge** may adjudicate this matter.

27. The continued adjudication of this dispute in Bankruptcy Court despite Plaintiff's **explicit withdrawal of consent** violates **separation of powers and due process**.

28.  **This Court must consider the Article III challenge before enforcing the automatic stay against Plaintiff.** If the stay is applied, it must be adjudicated by the **U.S. District Court, not the Bankruptcy Court.**

**VI. REQUESTED RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. **Confirm its jurisdiction over this dispute under 28 U.S.C. § 1334(b)**;

2. **Issue an order staying all bankruptcy proceedings related to the $3 million settlement funds** until this Court rules on ownership;

3. **Prevent the Trustee from distributing or using the $3 million settlement funds** pending further order of this Court;

4. **Grant such other and further relief as this Court deems just and proper.**

Dated this 18th day of February, 2025

/s/ Jun Dam

Jun Dam (*Pro Se*)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com

# CERTIFICATE OF SERVICE

I, Jun Dam, hereby certify that on 2/18/25, I electronically filed the foregoing **MOTION TO CONFIRM JURISDICTION AND STAY BANKRUPTCY PROCEEDINGS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 18th day of February, 2025

<u>/s/ Jun Dam</u>

Jun Dam (Pro Se)
5432 Geary Blvd #535
San Francisco, CA 94121
Phone: (415) 748-1113
Email: jundam@hotmail.com