FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUN DAM,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARK D. WALDRON, Chapter 7 Panel Trustee; PAMELA M. EGAN, Attorney to Chapter 7 Trustee; POTOMAC LAW GROUP PLLC; and GIGA WATT BANKRUPTCY ESTATE,<br><br>　　　　Defendants. | No. 2:24-CV-00417-SAB<br><br>**ORDER DISMISSING CASE** |

Before the Court is Defendants' Motion to Dismiss Complaint, ECF No. 15, and related Motion for Judicial Notice, ECF No. 18. Plaintiff is pro se. Defendant is represented by Pamela Egan. The motion was heard without oral argument.[1]

## BACKGROUND

The Giga Watt Project was formed to build and run a large-scale cryptocurrency mining operation. As part of the project, Giga Watt sold so-called "WTT Tokens" that entitled a token purchaser to use electricity generated by the Giga Watt facility to mine and generate cryptocurrency. The sales proceeds from the WTT Tokens totaled more than $22 million, which was held by Perkins Coie

---

[1] Pursuant to LCivR 7(i)(3)(B)(iii), oral argument is not necessary.

**ORDER DISMISSING CASE** #1

LLP ("Perkins") in an escrow account. After the initial sale of tokens was complete, Perkins provided refunds to some purchasers, paying them from the escrow fund. Perkins subsequently transferred $21.6 million to Giga Watt entities, and by February 22, 2018, the escrow account was depleted.

Giga Watt filed for Chapter 11 bankruptcy on November 19, 2018, in the Eastern District of Washington ("the Bankruptcy Case"). Defendant Mark D. Waldron ("Trustee Waldron") was appointed as the Chapter 11 Trustee on January 24, 2019. On November 30, 2020, Trustee Waldron commenced an adversary proceeding (the "Adversary Proceeding") against Perkins alleging that Perkins's disbursement of the escrow funds violated a fiduciary duty that resulted in Giga Watt's collapse. On December 15, 2020, the Bankruptcy Court entered an order approving the employment of Defendant Potomac Law Group ("PLG") as special litigation counsel in the Adversary Proceeding. Pursuant to this employment, PLG was entitled to a 30% contingency fee of any recoveries obtained up to $10 million and a 25% contingency fee of any recoveries obtained that were greater than $10 million, subject to Bankruptcy Court approval.

On December 16, 2020, Plaintiff Jun Dam ("Dam") filed a class action lawsuit in this Court (the "Class Action Suit"). The class members consisted of individuals who had purchased WTT Tokens, and the class was represented by two law firms: Blood, Hurst & O'Reardon, LLP and the Western Washington Law Group, PLLP. ("Class Counsel").

PLG proceeded to work on the Adversary Proceeding for approximately three and a half years without objection—over one year of which was spent negotiating with Perkins and Class Counsel. They ultimately reached an agreement to settle both the Adversary Proceeding and the Class Action Suit (the "Settlement Agreement"), wherein Perkins agreed to pay $3 million to the bankruptcy estate and $4.5 million to the class members.

On October 4, 2023, the Bankruptcy Court approved the Settlement

ORDER DISMISSING CASE #2

Agreement. On February 2, 2024, this Court entered a preliminary approval of the Settlement Agreement. The class members were allowed to object or opt-out, but none did, and this Court then entered final approval of the Settlement Agreement on May 23, 2024.

The Settlement Agreement defines a "Released Claim" as "any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Parties . . . ." It further defines "Released Parties" as the bankruptcy estate, Trustee Waldron, and "agents and attorneys" of the bankruptcy estate. Finally, it defines a "Releasing Party" as "Plaintiff and each and every Class Member." Under the Settlement Agreement's release clause, each Releasing Party was deemed to have waived any Released Claim against any Released Party.

On July 26, 2024, PLG filed its final fee application, seeking $900,000 (*i.e.*, 30% of the $3 million adversary proceeding settlement), plus $1,648.15 in expenses. However, on August 22, 2024, Dam filed an objection, asking the Bankruptcy Court not to disburse any funds from the bankruptcy estate to PLG. On September 17, 2024, the Bankruptcy Court granted PLG's application over Dam's objection, noting that counsel for PLG indicated that she spent 2,536.8 hours working on the Adversary Proceeding and that her typical rate is $600. Thus, PLG estimated its services were valued at $1,522,080 and the Bankruptcy Court found that the requested $900,000 was reasonable. The fees were paid to PLG on September 19, 2024.

On December 13, 2024, Dam filed a civil Complaint in this matter (the "Civil Suit"), alleging that Trustee Waldron and PLG engaged in fraudulent conduct, which led to the Bankruptcy Court awarding the fees in error. On January 30, 2025, Defendants filed a motion, asking this Court to dismiss the Civil Suit because, among other issues, Dam's claims were void as a violation of the Bankruptcy Court's automatic stay. The same day, Defendants filed a motion

**ORDER DISMISSING CASE #3**

asking the Court to take judicial notice of several docket entries in support of their motion to dismiss.

## I. DEFENDANTS' MOTION FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of filings on its own dockets, as well as dockets of other courts. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Defendants ask the Court to take judicial notice of filings in the Bankruptcy Case, associated appeals before this Court, and the Adversary Proceeding. The request is appropriate, and the motion for judicial notice is **granted**.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants ask the Court to dismiss this action without prejudice because (1) Plaintiff's attempt to impose a constructive trust on the Perkins $3 million settlement proceeds and to otherwise recover those proceeds are void as an attempt to recover property of the estate and from the estate; (2) the Court lacks subject matter jurisdiction to grant relief from the stay; (3) the Court lacks subject matter jurisdiction over the claims against Trustee Waldron and PLG because Plaintiff failed to obtain the Bankruptcy Court's permission to sue Trustee Waldron and PLG; (4) Plaintiff fails to state a claim because Trustee Waldron and PLG are immune and the claims are released; and (5) the Complaint fails to establish personal jurisdiction over and fails to state a claim against the "Giga Watt Bankruptcy Estate" because the Giga Watt Bankruptcy Estate lacks the capacity to be sued.

Defendants assert amending the Complaint would be futile because Plaintiff cannot remedy the lack of subject matter jurisdiction, Trustee Waldron or PLG's immunity, the release, or the estate's lack of capacity to be sued.

The Court agrees.

### Motion Standard

Under Fed. R. Civ. P. 12(b)(1), a movant can challenge the Court's subject

ORDER DISMISSING CASE #4

matter jurisdiction to hear an action by asserting the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a bankruptcy petition is filed, an "estate" is created, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *In re FitzSimmons*, 725 F.2d 1208, 1210 (9th Cir. 1984). The broad category of the estate includes causes of action in district court. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001). Furthermore, when a bankruptcy petition is filed, injunctive relief referred to as the "automatic stay" is triggered, which prevents "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. *See* 11 U.S.C. § 362 (a)(3); *Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074, 1081 (9th Cir. 2000). Filing a motion in another court seeking to recover estate property violates the automatic stay. *See In re Pace*, 67 F.3d 187, 191–92 (9th Cir. 1995). A violation of the automatic stay is void. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

Here, the Complaint constitutes a violation of the automatic stay in the Bankruptcy Case and is therefore void. Moreover, the Court does not have subject matter jurisdiction over the claims against Trustee Waldron and PLG. Finally, Plaintiff has failed to state a claim upon which relief may be granted.

The Court finds that granting leave to amend would be futile because additional allegations will not remedy the lack of subject matter jurisdiction or will

**ORDER DISMISSING CASE  #5**

state claims against defendants who are not subject to suit. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Judicial Notice, ECF No. 18, is **GRANTED**

2. Defendants' Motion to Dismiss Complaint, ECF No. 15, is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

3. The remaining motions are **denied as moot**.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to pro se Plaintiff and defense counsel, and **close** the file.

**DATED** this 9th day of April 2025.



_____
Stanley A. Bastian
Chief United States District Judge